UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STARR HAIRSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00753-JPH-MG |
| | ) |
| STATE OF INDIANA/INDPLS., | ) |
| FISHERS COMMUNITY NORTH | ) |
| HOSPITAL, | ) |
| IPD, | ) |
| IDWD, | ) |
| MPD, | ) |
| FPD, | ) |
| NPD, | ) |
| MSDWT, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, Starr Hairston, has filed a complaint and a motion to proceed without prepaying the filing fee. Her motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Ms. Hairston to proceed without prepaying the filing fee, she remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

The Court has the inherent authority to screen Ms. Hairston's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners

1

alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

Ms. Hairston is suing the State of Indiana/Indianapolis, Fishers Community North Hospital, IPD, IDWD, MPD, FPD, NPD, and MSDWT, alleging denials of her constitutional rights, ADA rights, and HIPAA rights. Dkt. 1 at 1–2. She also alleges that she was "tased for no cause, detained for no cause, struck [with the] force of needle after denying medicine," and "held down by men." *Id.* She seeks "10+ billion" dollars. *Id.* at 6.

Ms. Hairston's complaint may not proceed as filed. First, she has identified most Defendants by only their initials, leaving their identity uncertain. *See* dkt. 1 at 1. While she has identified the "State of Indiana/Indianapolis" and Fishers Community North Hospital, she has not

identified a viable claim against those Defendants. For the State of Indiana, the Eleventh Amendment provides sovereign immunity that prevents an individual from suing a state in federal court without its consent. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Ms. Hairston has not identified any claim for which Congress has abrogated sovereign immunity, *see id.*, or for which the State has waived sovereign immunity, *see Esserman v. Ind. Dep't of Env't Mgmt.*, 84 N.E.3d 1185, 1191 (Ind. 2017) (Indiana "retains sovereign immunity for non-tort claims based on a statute"). The same is true for the Defendants identified by only their initials if those Defendants are agencies of the State of Indiana. *See Peirick v. Ind. Univ.–Purdue Univ. Indianapolis Athletics Dept.*, 510 F.3d 681, 695 (7th Cir. 2007).

For the City of Indianapolis, claims "may be brought against . . . local governmental entities for actions by its employees only if those actions were taken pursuant to an unconstitutional policy or custom." *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1071 (7th Cir. 2012); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). But Ms. Hairston has not alleged that the City of Indianapolis applied any policy or custom. *See* dkt. 1. The same is true for the Defendants identified by only their initials if those Defendants are local governmental entities.

For Fishers Community North Hospital, the Court understands Ms. Hairston to allege the violation of a right secured by the Constitution or laws of the United States under 42 U.S.C. § 1983. A § 1983 claim requires Ms. Hairston to show that the alleged deprivation was committed by a person

acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "[A]cting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Id.*  Ms. Hairston has not alleged that Fishers Community North Hospital was acting under color of state law.  *See* dkt. 1.

In addition to not naming a Defendant against whom a claim may proceed, Ms. Hairston has not presented a "story that holds together" about what any Defendant did.  *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).  While she references being tased, receiving medical care without her consent, and being held down by men, she does not explain when or where those things happened, which of the named Defendants she alleges are responsible for those things, or any context or details of those events.  *See* dkt. 1.  Ms. Hairston refers to "additional pgs." for the "facts underlying [her] claim(s)," but there were no additional pages attached to her complaint.  *See id.*  Without further information, Ms. Hairston's compliant must be dismissed because it does not "state a claim to relief that is plausible on its face."  *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Ms. Hairston's complaint therefore must be dismissed.  She **SHALL HAVE through May 31, 2024** to file an amended complaint.  An amended complaint must clearly identify the defendants against whom claims are raised, and explain what those defendants did, and when.  *See* Fed. R. Civ. P. 8(a);

12(b).  The amended complaint must be specific about which defendants committed which actions underlying Ms. Hairston's claims.  Moreover, it must contain only claims that are related to the same events.  *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("Unrelated claims against different defendants belong in different suits.").

**SO ORDERED.**

Date: 5/7/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STARR HAIRSTON
3475 N. 1100 E
Sheridan, IN 46069