UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STARR HAIRSTON, | ) |
|       Plaintiff, | ) |
|       v. | ) No. 1:24-cv-00753-JPH-MG |
| STATE OF INDIANA/INDPLS., FISHERS COMMUNITY NORTH HOSPITAL, IPD, IDWD, MPD, FPD, NPD, MSDWT, | ) |
|       Defendants. | ) |

**ORDER**

In May 2024, Ms. Hairston filed a complaint against several defendants alleging denials of her constitutional rights, ADA rights, and HIPAA rights. Dkt. 1 at 1–2. She sought "10+ billion" dollars. *Id.* at 6. The Court screened her complaint, *see Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999), and dismissed it because she had not alleged plausible claims against the only identified defendants. Dkt. 8. The Court gave Ms. Hairston through June 28, 2024 to file an amended complaint. *Id.*

Ms. Hairston has filed two identical amended complaints. Dkt. 9; dkt. 10. The Court therefore **STRIKES** the amended complaint at docket 10 as duplicative.

1

Like her original complaint, Ms. Hairston's amended complaint does not state a claim for which relief can be granted. *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

Ms. Hairston's complaint does not include factual allegations; instead she refers to a 47-page attachment with scattered and largely unintelligible notes. Dkt. 9. She continues to seek "10+ billion" dollars in damages." *Id.* at 3.

None of the allegations in the attachment to Ms. Hairston's complaint are sufficient to state a claim. She appears to allege that the United States Marshals hand- and ankle-cuffed her at the United States Courthouse on June 18, 2024. Dkt. 9-1 at 5–6. She does not, however, provide detail about that event to present a "story that holds together" about what any defendant did. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (allegations "just as consistent with a lawful investigation as an illegal conspiracy" do not state a claim). This claim therefore must be dismissed for failure to state a claim because it does not "state a claim to relief that is plausible on its face."

*Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The same is true for any claim against Wells Fargo or Wachovia, which Ms. Hairston mentions in alleging that her "first home [was] stolen after 12 yrs," with no further detail. That undeveloped allegation does not present a "story that holds together" about what any defendant did. *McCauley*, 671 F.3d at 616.

Ms. Hairston also mentions a claim against the State of Indiana or the State Department of Health related to her "daughter's skin condition," with no elaboration, dkt. 9-1 at 7, and a claim against the Indiana Department of Workforce Development for allegedly denying her unemployment benefits, dkt. 9-1 at 18. Even if those sparse allegations were sufficient to state a claim, the State of Indiana and its departments have sovereign immunity that prevents an individual from suing them in federal court without their consent. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *see Peirick v. Ind. Univ.–Purdue Univ. Indianapolis Athletics Dept.*, 510 F.3d 681, 695 (7th Cir. 2007). The amended complaint therefore cannot proceed on these claims.

Finally, Ms. Hairston appears to allege a rent dispute with the City of Fishers from November 2021, an ADA claim against Indianapolis Public Schools from August 2019, an incident with police officers at a Fishers Cracker Barrel in February 2020, and an incident in October 2021 when Fishers police officers tased her at her home. Dkt. 9-1 at 26–47. The allegations, however, are undeveloped and too sparse to plausibly allege a claim, and are "just as

3

consistent" with lawful actions as with unlawful. *McCauley*, 671 F.3d at 616. They therefore do not "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Moreover, all of these claims are subject to a two-year statute of limitations, which would have run before the filing of her initial complaint in May 2024. *See Sherr v. Mariott Intern., Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005).

While Ms. Hairston mentions other financial institutions, medical providers, and state and city officials in the remainder of the attachment to her amended complaint, she does not include any discernable allegations in support of any claims against them. *See* dkt. 9-1.

Ms. Hairston's amended complaint therefore must be **DISMISSED**. Final judgment dismissing this case with prejudice will issue by separate entry.

**SO ORDERED.**

Date: 8/19/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STARR HAIRSTON
3475 N. 1100 E
Sheridan, IN 46069

4